SCHOTT, Chief Judge.
Defendant was convicted of first degree murder (R.S. 14:30) and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.
On February 19, 1987 the owner of a New Orleans grocery store was murdered during an armed robbery. Detective Marco Demma was the investigating officer who took the defendant, a fifteen year old, into custody. He testified that upon locating the defendant at his residence, he asked where defendant’s parents were. Defendant responded that his mother was at his aunt’s house and his father was deceased. Defendant voluntarily went with Demma in search of the mother, and they drove around for thirty to forty-five minutes looking for her. When she could not be found, they proceeded to the homicide office. Demma told defendant that he had picked him up for questioning, he should not say anything, and he had a right to have his mother present. Defendant then blurted out that the co-defendant “ratted” on him, that he didn’t kill anyone and that co-defendant shot the victim. Defendant was not interrogated in any manner and he was not advised of his Miranda rights.
When defendant’s mother arrived at the police station, Officer Demma advised her of defendant’s rights, her rights as his legal guardian and her right to confer with her son privately. They met privately for several minutes and when they returned, defendant’s mother expressed their mutual intent to waive defendant’s rights. Defendant then confessed to the details of the shooting.
The gist of the defendant’s oral account was testified to by Demma. “Basically he said that he and Thilero [co-defendant] robbed the grocery store. They went into the grocery store. Thilero was in front of him. They went to the counter. The old man came from behind the counter. At that point Thilero grabbed him and' demanded money and asked him if he was the proprietor. He forced him to give him money. After he gave him the money, he shot the man, and they both fled the store.”
Both defendant’s mother and Detective Demma testified that defendant actually consulted with his mother before he waived his rights. Demma testified that they met privately for several minutes. Defendant’s mother testified that they spoke privately for a few minutes.
After this oral confession defendant and his mother agreed to give a written statement. Both were read their Miranda rights again, and both signed a rights of arrestee form. During the taking of this typewritten statement defendant recanted, saying that he had lied and had never been to the store where the shooting occurred. The interrogating officer discontinued the statement and sent the defendant and his mother back to confer privately. According to Demma, when they returned he told defendant that he did not have to continue with the statement and he asked him to repeat the “lie” he told previously. The defendant complied. According to defendant he was not given the option to discontinue the written statement.
In this court defendant contends that the trial court erred in failing to suppress his confession because 1) he recanted the oral statement during his written statement and was allowed to continue only after a few minutes alone with his mother and 2) in violation of R.S. 15:450 the written statement failed to reflect a break of several minutes when he recanted, the conference with his mother, and the resumption of the statement.
Defendant first argues that his rights were violated because Demma failed to read his Miranda rights again after he recanted and consulted with his mother and before he continued with the written statement.
The written statement was taken after defendant had orally given a complete and detailed account of his participation in the robbery and shooting. The first part of the written statement consists of Demma’s detailed explanation to defendant of his rights against self incrimination and to counsel. After these questions and an *80 swers m which defendant clearly acknowledged that he understood his rights Dem-ma asked him to explain the details of the robbery and shooting. Defendant answered, “I wasn’t at no store. I lied.” At this point the break and consultation between defendant and his mother occurred. When he returned he recounted the details of the crime and stated that it was “all of lie.” Asked why he lied, he stated that Demma didn’t want the truth. Asked how he got all this information, he said he made it up. Asked whether he wanted to tell about anything else which he lied about previously, he said no. He stated that he was at home when the crime occurred.
In order to establish a waiver of rights by a juvenile the state must establish not only that the juvenile was given the usual Miranda warning but also that the juvenile actually consulted with an attorney or adult before waiver, that the attorney or adult was interested in the juvenile’s welfare, and if the adult is not an attorney, the adult was fully advised of the juvenile’s rights. State in the Interest of Dino, 359 So.2d 586, 594 (La. 1978).
The record establishes that all of these conditions were met before the written statement was begun and that there was another consultation before the statement resumed. However, because Demma did not repeat the Miranda warning to defendant and his mother before resumption of the statement, defendant contends that the statement was inadmissible. In view of the fact that this was only a short break following the detailed discussion of defendant’s Miranda rights we are not persuaded by this argument. Demma was not required to start all over again and repeat all that he had previously covered with him. Defendant states that he was not told he could discontinue the statement, but his testimony to this effect was flatly contradicted by Demma.
R.S. 15:450 provides as follows:
Every confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation of expía-nation that the whole statement may afford.
The written statement does not mention the break during the questioning. Thus, defendant next contends that it was inaccurate and does not meet the requirements of the statute.
Although the written statement does not reflect the break all of the witnesses testified that it occurred. The judge and jury were fully aware of what had occurred. Under these circumstances defendant’s rights under R.S. 15:450 were in no way compromised or infringed upon.
Having concluded that defendants assignments of error and arguments are without merit we affirm the conviction and sentence.
AFFIRMED.